UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
LARRY PORTER,

                              Petitioner,

                v.                     9:03-CV-1299
                                            (LEK/GJD)

MICHAEL P. McGINNIS, Superintendent,

                              Respondent.

APPEARANCES:                      OF COUNSEL:

LARRY PORTER
Petitioner, *pro se*

OFFICE OF THE NEW YORK        RISA L. VIGLUCCI, Esq.
STATE ATTORNEY GENERAL       Assistant Attorney General
Attorney for Respondent

LAWRENCE E. KAHN, United States District Judge

## **DECISION AND ORDER**

Petitioner Larry Porter filed a petition seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Dkt. No. 1. In a Report and Recommendation filed August 31, 2007, Magistrate Judge Gustave J. DiBianco recommended that the Petition be denied. Dkt. No. 29. By Decision and Order filed September 24, 2007, this Court approved and adopted that Report and Recommendation in its entirety, denying and dismissing the petition. Dkt. No. 31.

Petitioner has appealed the Court's Decision and Order to the United States Court of Appeals for the Second Circuit. Dkt. No. 33. An appeal from the denial of a § 2254 habeas corpus petition must be supported by a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1) provides in relevant part that:

> Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from –
> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or

(B) the final order in a proceeding under section 2255.[1]

A COA may only be issued "if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).

The Second Circuit has held that a notice of appeal may be construed as a request for a COA.  See Marmolejo v. United States, 196 F.3d 377, 378 (2d Cir. 1999) (citing Hooper v. United States, 112 F.3d 83, 88 (2d Cir. 1997)); see also Forbes v. United States, 1999 WL 1133362 (S.D.N.Y 1999) (court properly construed notice of appeal as COA and ruled on same).

Based upon the foregoing, the Court hereby construes Petitioner's notice of appeal as a request that a COA be issued.  After reviewing the relevant portions of the file, the Court finds, for the reasons set forth in the Magistrate Judge DiBianco's Report and Recommendation and this Court's prior Order, that Petitioner has not made the necessary showing.  Therefore, the Court declines to issue a COA.

**WHEREFORE**, it is hereby

**ORDERED**, that Plaintiff's request for a Certificate of Appealability (Dkt. No. 33) is **DENIED**; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Order upon the parties.

**IT IS SO ORDERED**.

DATED:   January31, 2008
         Albany, New York

Lawrence E. Kahn
U.S. District Judge

---

[1] Rule 22 of the Federal Rules of Appellate Procedure also provides that an appeal may not proceed "unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)." See FED.R.APP.P. 22(b).